UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLY RICHARDS** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 14-850** |
| **OCWEN LOAN SERVICING, L.L.C., et al.** | **SECTION: "G"(5)** |

## ORDER

Before the Court is Ocwen Loan Serving, LLC's ("Ocwen") and Bank of New York Mellon's ("BONY") (collectively, "Defendants") "FRCP 12(b)(6) Motion to Dismiss and FRCP 12(e) Motion for More Definite Statement."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion in part and deny the motion in part.

On April 17, 2014, Plaintiff Kelly Richards ("Plaintiff"), proceeding *pro se*, filed a one-page complaint in federal district court alleging as follows:

> The parties entered into two mortgages. Ocwen Loan Servicing LLC. Mortgage company backed by Chase Mellon Bank of NY the funding institution, through a pattern of predatory practices, forced the plaintiff Kelly Richards into bankruptcy and foreclosure and the subsequent loss of 2327 Soniat St. (loan # 71417885) an income producing property and 2313-15 Soniat St. (loan #71328124) the main residence of the plaintiff and also an income producer.[2]
>
> 1) Kelly Richards requested a loan modification on both houses which Ocwen did not process. Ocwen did not pay the city taxes on 2327 Soniat St. in 2010, which should have been deducted from monthly payments. This unit was put up for city auction for non-payment of taxes thus affecting the ability to find suitable tenets [sic]. 2) Ocwen locked Kelly Richards out of 2327 Soniat St. for a period of nine months. Their stated reason was abandonment (the owner should see the house twice a month) however Kelly Richards lived next door at 2315 Soniat. Kelly Richards and the Grand Law Firm asked for the lock box number on a weekly basis. The combinations given were wrong. Nine months after being locked out a locksmith was

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 1.

sent out and Kelly Richards was able to enter the property discovering the theft of copper pipes. 3) 2313-15 was damaged by hurricane [sic] Ike. Ocwen was slow to release the funds thus resulting in a bronchial condition. After work was completed Ocwen refused to reimburse the remaining $10,500 dollars. Throughout this process Ocwen lied about receiving corresponding faxes. 4) As a result of the aforementioned complaints both properties were lost to foreclosure leaving Kelly Richards homeless with no income. Foreclosure dates 04/11/13- 2327, 04/18/13- 2313-15.[3]

Plaintiff seeks damages totaling $1,096,500.00, which includes the value of both homes, $10,500, repayment of medical bills, and trebled punitive damages.[4]

Upon review of the complaint and the briefs, the Court is unable to determine whether it has subject matter jurisdiction over this matter, or what laws Plaintiff believes were violated by either Defendant. The Court will accordingly grant Defendants' alternative motion for a more definite statement pursuant to Rule 12(e), which entitles a party to a more definite statement when a portion of a pleading to which a responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response."[5] Plaintiff is granted fourteen days to amend the complaint to address the pleading deficiencies identified below.

Title 28, United States Code, Section 1332 confers federal diversity jurisdiction on civil actions where there is complete diversity of citizenship between plaintiffs and defendants and the amount in controversy exceeds $75,000. The party invoking federal diversity jurisdiction has the burden of establishing that subject matter jurisdiction is proper.[6] Plaintiff states that "Defendants

---

[3] Rec. Doc. 1.

[4] *Id.*

[5] Fed R. Civ. P. 12(e).

[6] *St. Paul Reinsurance Co., Ltd. v. Greenbery*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Ocwen Loan Servicing LLC and Chase Mellon Bank of NY[7] are national corporations with addresses in West Palm Beach, Fl, Carol Stream IL, New York and the plaintiff Kelly Richards resides in New Orleans, LA."[8] However, "the citizenship of a LLC is determined by the citizenship of all of its members."[9] Plaintiff has failed to expressly name all of the members of Ocwen Loan Servicing, LLC and each member's individual citizenship.

Plaintiff has also failed to allege the citizenship of Bank of New York Mellon ("BONY"). 28 U.S.C. § 1348 states that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." The Supreme Court has concluded that for the purposes of defining "located" in § 1348, citizenship of a national bank is "in the State designated in [the bank's] articles of association as its main office."[10] Recognizing the need for establishing "jurisdictional parity" between national and state banks, the Fifth Circuit has found that "located" referred to "a national bank's principal place of business as well as the state specified in the bank's articles of association."[11] Plaintiff has not alleged BONY's principal place of business or the state specified in the bank's articles of association. Accordingly, the Court cannot ascertain whether there is complete diversity of citizenship between Plaintiff and Defendants, such that it may exercise diversity jurisdiction over this matter.

---

[7] Bank of New York Mellon ("BONY") was erroneously named as Chase Mellon Bank of New York in the complaint. Chase Mellon Bank of New York has been terminated from this action.

[8] Rec. Doc. 1.

[9] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).

[10] *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

[11] *Horton v. Bank One*, 387 F.3d 426, 431 (5th Cir. 2004).

The Court is similarly unable to ascertain from the complaint whether it has federal question jurisdiction in this case. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[12] The complaint does not allege any legal basis for Plaintiff's claims, which appear to arise out of the foreclosure of two properties owned by Richards. The Court cannot, therefore, determine whether the claims arise under federal law, such that the exercise of federal question jurisdiction in this case is appropriate.

Considering the pleading deficiencies identified above and Plaintiff's status as a *pro se* litigant, the Court will grant Defendants' motion for a more definite statement pursuant to Rule 12(e). Plaintiff is granted leave to amend the complaint to expressly provide a basis for invoking this Court's jurisdiction and to identify which laws Plaintiff believes were violated with respect to each claim alleged in the complaint. If Plaintiff invokes diversity jurisdiction, the complaint must allege the names of all of the members of Ocwen Loan Servicing, LLC and each member's individual citizenship, as well as BONY's principal place of business or the state specified in the bank's articles of association. If Plaintiff invokes federal question jurisdiction, the complaint must expressly state which Constitutional provisions, federal laws, or treaties of the United States that Plaintiff's claims arise under. Additionally, Plaintiff is ordered to expressly state the legal basis for each claim alleged in the complaint. If Plaintiff fails to amend the complaint within fourteen days

---

[12] 28 U.S.C. § 1331.

of the date of this Order, or if after amendment it appears that this Court does not have subject matter jurisdiction, the Court will dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "FRCP 12(b)(6) Motion to Dismiss and FRCP 12(e) Motion for More Definite Statement"[13] is **DENIED IN PART** and **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend the complaint to expressly state the basis for invoking this Court's jurisdiction, and to state the legal basis for each claim alleged.

**IT IS FURTHER ORDERED** that if Plaintiff fails to amend the complaint as ordered herein within fourteen days from the date of this Order, or if after amendment it is evident that this Court does not have subject matter jurisdiction in this case, the Court will dismiss this action.

**NEW ORLEANS, LOUISIANA**, this  5th  day of March, 2015.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[13] Rec. Doc. 8.